## HASKELL PURDIN et al. v. STATE.

No. A-7215. Opinion Filed April 26, 1930.
Rehearing Denied May 17, 1930.
(287 Pac. 807.)

Jesse A. Harp, for appellants.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. This is an appeal wherein the plaintiffs in error, hereinafter called defendants, were convicted of the crime of shooting one Willie Morris with intent to kill him, and each sentenced to a term of five years' imprisonment in the state penitentiary.

Counsel for defendants presents and argues two propositions for a reversal of this judgment; the first is that the evidence is insufficient to sustain the verdict and judgment. This conviction is based very largely on circumstantial evidence. It appears from the evidence of the state that the shooting occurred at about 12 o'clock at night when these defendants were in the act of burglarizing the chicken house of William Morris, the father of Willie Morris; said chicken house being located about 40

or 50 yards southwest of the residence. Willie Morris had been to a basketball game in the town of Grove. When he got back to his father's house near the town of Bernice where he lived, his attention was attracted by a noise at the chicken house. He went into the house and notified his father, and together they started out to the chicken house. Between the house and the chicken house was a storm cellar; the elder Morris went around one side of this and Willie Morris around the other. When they got around to the other end of the storm cellar, someone fired several shots from the chicken house. The elder Morris had two bullet holes through his hat and Willie received one shot in the body. It would be impossible to set out all the circumstances which point to the guilt of these defendants without making the opinion of too great length. It is sufficient to say that all the facts and circumstances considered together clearly establish the guilt of these defendants.

The defense interposed was an alibi. All the facts and circumstances were before the jury under proper instructions of the court. The weight of this evidence was for the jury, and, since there is sufficient evidence in the record to support the verdict, the cause must be affirmed unless the court committed fundamental error in the admission or rejection of evidence.

The defendants contend that the court erred in permitting certain incompetent evidence to be admitted over the objections and exceptions of defendants and that the admission of such evidence was clearly prejudicial to the substantial rights of the defendant. An examination of the record discloses that the incompetent testimony complained of was by the trial court excluded and withdrawn from the consideration of the jury. This action on the part of the court was all that the defendants were entitled to.

Some of the evidence excluded was clearly admissible under the theory of the state, but the trial court, out of an abundance of precaution, excluded it.

In the case of Rogers v. State, 9 Okla. Cr. 277, 131 Pac. 941, this court said:

"The admission or exclusion of testimony which, in the light of subsequent developments during the trial, indicates conclusively that no injury did or could have resulted is not ground for reversal of a judgment.

"The admission of testimony which is of doubtful competency, and which is afterwards by the court excluded out of an abundance of caution, is not error sufficiently prejudicial to justify a reversal."

An examination of the record discloses that the trial court did everything possible to assure these defendants a fair and impartial trial. The evidence being sufficient to support the verdict of the jury and the errors of law complained of not being sufficient to require a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.